TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
NITZKIN & ASSOCIATES
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Sailemys Garcia*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sailemys Garcia, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation, Equifax Information Services, LLC a Georgia corporation, Trans Union, LLC, a Delaware limited liability company, Apollo Education Group, Inc. d/b/a The University of Phoenix, an Arizona corporation, and Wells Fargo Bank, N.A., a national banking association, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COME THE PLAINTIFF, SAILEMYS GARCIA, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1.  Jurisdiction of this court arises under 15 U.S.C. §1681p.

2.  This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3.  The transactions and occurrences which give rise to this action occurred in the City of Chandler, Maricopa County, Arizona.

4.  Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5.  The Defendants to this lawsuit are:

    a.  Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

    b.  Equifax Information Services, LLC ("Equifax"), which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona;

    c.  Trans Union, LLC ("Trans Union"), which is a Delaware limited liability company that maintains a registered agent in Maricopa County, Arizona;

2

d. Apollo Education Group, Inc. d/b/a The University of Phoenix
("University of Phoenix"), which is an Arizona corporation that
maintains a registered agent in Maricopa County, Arizona; and

e. Wells Fargo Bank, N.A. ("Wells Fargo"), which is a California
corporation that maintains a registered agent in Maricopa County,
Arizona.

## GENERAL ALLEGATIONS

6. The following furnishers are reporting multiple charge offs on Plaintiff's credit
files on the following trade lines ("Errant Trade Lines"):

   a. Experian and Equifax:

      i. University of Phoenix with account number: 903422….;
      ii. Wells Fargo with account number: 458458848511….; and
      iii.  Wells Fargo with account number: 5023741153071….

   b. Trans Union:

      i. Wells Fargo with account number: 458458848511….

7. These multiple charge offs are inaccurate in that they inaccurately reflect the
account as having been charged off multiple times.

8. The multiple charge offs convey to any user or prospective of Ms. Garcia's
credit report that, not only did a charge off incur on a particular date, but for
several months thereafter.  These repetitive charge off notations are far more
punitive and misleading than informative.

9.  Sometime in 2015, Ms. Garcia obtained her credit files and submitted letters to Experian, Equifax, and Trans Union ("Credit Reporting Agencies" or "CRAs"), disputing the Errant Trade Lines.

10. On or about January 24, 2016, Ms. Garcia obtained her credit files and noticed multiple charge offs on the Errant Trade Lines.

11. On or about February 17, 2016, Ms. Garcia submitted letters to the CRAs, disputing the multiple charge offs on the Errant Trade Lines.

12. Upon information and belief, the CRAs transmitted Ms. Garcia's consumer disputes to Wells Fargo and University of Phoenix.

13. On or about March 10, 2016, Ms. Garcia received Experian's investigation results, which showed that University of Phoenix retained the multiple charge offs on its Errant Trade Line and Wells Fargo retained the multiple charge offs on both of its Errant Trade Lines.

14. On or about March 16, 2016, Ms. Garcia received Equifax's investigation results, which showed that Wells Fargo retained the multiple charge offs on its two Errant Trade Lines and University of Phoenix retained the multiple charge offs on its Errant Trade Line.

15. On or about March 20, 2016, Ms. Garcia received Trans Union's investigation results, which showed that Wells Fargo Auto retained the multiple charge offs on its Errant Trade Line.

4

# COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNIVERSITY OF PHOENIX

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Experian and Equifax of Ms. Garcia's consumer dispute of the multiple charge offs on the Errant Trade Line, University of Phoenix negligently failed to conduct a proper investigation of Ms. Garcia's dispute as required by 15 USC 1681s-2(b).

18. University of Phoenix negligently failed to review all relevant information available to it and provided  by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Experian and Equifax to remove the multiple charge offs from the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Garcia's consumer credit file with Experian and Equifax to which it is reporting such trade lines.

20. As a direct and proximate cause of University of Phoenix's negligent failure to perform its duties under the FCRA, Ms. Garcia has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

21. University of Phoenix is liable to Ms. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Ms. Garcia has a private right of action to assert claims against University of Phoenix arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant University of Phoenix for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY UNIVERSITY OF PHOENIX

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian and Equifax that Ms. Garcia disputed the accuracy of the information it was providing, University of Phoenix willfully failed to conduct a proper reinvestigation of Ms. Garcia's dispute.

25. University of Phoenix willfully failed to review all relevant information available to it and provided  by Experian and Equifax as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of University of Phoenix's willful failure to perform its duties under the FCRA, Ms. Garcia has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

27. University of Phoenix is liable to Ms. Garcia for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant University of Phoenix for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## <u>COUNT III</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. After being informed by the CRAs of Ms. Garcia's consumer dispute of the multiple charge offs on the Errant Trade Lines, Wells Fargo negligently failed to conduct a proper investigation of Ms. Garcia's dispute as required by 15 USC 1681s-2(b).

30. Wells Fargo negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as

7

required by 15 USC 1681s-2(b).  Specifically, it failed to direct the CRAs to remove the multiple charge offs from the Errant Trade Lines.

31. The Errant Trade Lines are inaccurate and creating a misleading impression on Ms. Garcia's consumer credit files with the CRAs to which it is reporting such trade lines.

32. As a direct and proximate cause of Wells Fargo's negligent failure to perform its duties under the FCRA, Ms. Garcia has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

33. Wells Fargo is liable to Ms. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

34. Ms. Garcia has a private right of action to assert claims against Wells Fargo arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for damages, costs, interest, and attorneys' fees.

## <u>COUNT IV</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY WELLS FARGO

35. Plaintiff realleges the above paragraphs as if recited verbatim.

8

36. After being informed by the CRAs that Ms. Garcia disputed the accuracy of the information it was providing, Wells Fargo willfully failed to conduct a proper reinvestigation of Ms. Garcia's dispute.

37. Wells Fargo willfully failed to review all relevant information available to it and provided  by the CRAs as required by 15 USC 1681s-2(b).

38. As a direct and proximate cause of Wells Fargo's willful failure to perform its duties under the FCRA, Ms. Garcia has suffered damages, mental anguish, suffering, humiliation. and embarrassment.

39. Wells Fargo is liable to Ms. Garcia for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against the Defendant Wells Fargo for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## **COUNT V**

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

40. Plaintiff realleges the above paragraphs as if recited verbatim.

41. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Garcia as that term is defined in 15 USC 1681a.

42. Such reports contained information about Ms. Garcia that was false, misleading, and inaccurate.

43. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Garcia, in violation of 15 USC 1681e(b).

44. After receiving Ms. Garcia's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

45. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Ms. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

46. Experian is liable to Ms. Garcia by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

47. Plaintiff realleges the above paragraphs as if recited verbatim.

48. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Garcia as that term is defined in 15 USC 1681a.

49. Such reports contained information about Ms. Garcia that was false, misleading, and inaccurate.

50. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Garcia, in violation of 15 USC 1681e(b).

51. After receiving Ms. Garcia's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

52. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Ms. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

53. Experian is liable to Ms. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## <u>COUNT VII</u>

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

54. Plaintiff realleges the above paragraphs as if recited verbatim.

55. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Garcia as that term is defined in 15 USC 1681a.

56. Such reports contained information about Ms. Garcia that was false, misleading, and inaccurate.

57. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Garcia, in violation of 15 USC 1681e(b).

58. After receiving Ms. Garcia's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

59. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

60. Equifax is liable to Ms. Garcia by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT VIII</u>

### **WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

61. Plaintiff realleges the above paragraphs as if recited verbatim.

62. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Garcia as that term is defined in 15 USC 1681a.

63. Such reports contained information about Ms. Garcia that was false, misleading, and inaccurate.

13

64. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Garcia, in violation of 15 USC 1681e(b).

65. After receiving Ms. Garcia's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

66. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

67. Equifax is liable to Ms. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

   **WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

14

## **COUNT IX**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

68. Plaintiff realleges the above paragraphs as if recited verbatim.

69. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Garcia as that term is defined in 15 USC 1681a.

70. Such reports contained information about Ms. Garcia that was false, misleading, and inaccurate.

71. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Garcia, in violation of 15 USC 1681e(b).

72. After receiving Ms. Garcia's consumer dispute to the Errant Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

73. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

74. Trans Union is liable to Ms. Garcia by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT X

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

75. Plaintiff realleges the above paragraphs as if recited verbatim.

76. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Garcia as that term is defined in 15 USC 1681a.

77. Such reports contained information about Ms. Garcia that was false, misleading, and inaccurate.

78. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Garcia, in violation of 15 USC 1681e(b).

79. After receiving Ms. Garcia's consumer dispute to the Errant Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

80. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Garcia has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

81. Trans Union is liable to Ms. Garcia by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 14, 2016

NITZKIN & ASSOCIATES

By: ___/s/   *Trinette G. Kent*_____
Trinette G. Kent
Attorneys for Plaintiff,
Sailemys Garcia

17